# Exhibit A

KURT DANYSH,                        :        IN THE COURT OF COMMON PLEAS
              Plaintiff             :        DAUPHIN COUNTY, PENNSYLVANIA
                                    :
                                    :
    vs.                             :
                                    :        No. 2010 CV 10783
                                    :
                                    :
                                    :
ELI LILLY AND COMPANY.              :        CIVIL ACTION
              Defendant             :


## NOTICE TO DEFEND

        YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims
set forth in the following pages, you must take action within twenty (20) days after this
Complaint and Notice have been served, by entering a written appearance personally or
by an attorney and filing in writing with the Court your defenses or objections to the
claims set forth against you. You are warned that if you fail to do so, the case may
proceed without you and a judgment may be entered against you by the Court without
further notice for any money claimed in the Complaint or for any other claim or relief
requested.   You may lose property or other rights important to you.


        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU
DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU
CAN GET LEGAL HELP.

                        Dauphin County Lawyer Referral
                        213 North Front Street
                        Harrisburg, Pa. 17101
                        (717) 232-7536

## NOTICE
## CONCERNING MEDIATION OF ACTIONS PENDING BEFORE
## THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY

The Judges of the Court of Common Pleas of Dauphin County believe that mediation of lawsuits is a very important component of dispute resolution. Virtually all lawsuits can benefit in some manner from mediation.

The Court has adopted Dauphin County Local Rule 1001 to encourage the use of mediation. This early alert enables litigants to determine the best time during the life of their lawsuit for a mediation session. The intent of this early alert is to help the parties act upon the requirement to consider good faith mediation at the optimal time.

The Dauphin County Bar Association provides mediation services and can be reached at 717-232-7536. Free mediation sessions for pro bono cases referred by MidPenn Legal Services are available through the DCBA.

## A V I S O

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte de que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA  17101

(717) 232-7536

An adequate supply of forms containing the bilingual notices required by these Rules shall be furnished by the Dauphin County Bar Association to the office of the Prothonotary and shall be available for use by litigants and their attorneys.

### AVISO
### REFERENCES A LA MEDIACIÓN DE LAS ACCIONES PENDIENTES ANTES LA CORTE DE SOPLICAS COMUNES DEL CONDADO DE DAUPHIN

Los jueces de la corte de súplicas comunes del condado de Dauphin creen que la mediación de pleitos es un componente muy importante de la resolución del conflicto. Virtualmente todos los pleitos pueden beneficiar de cierta manera de la mediación.

La code ha adoptado la regla local de condado de Dauphin 1001 para animar el use de la mediación. Esta alarma temprana permite a litigantes determiner la mejor época durante la vida de su pleito para una sesión de la mediación.  El intento de esta alarma temprana es actuar sobre la  mediación de la buena fe en el tiempo óptimo.

La asociación de la barra del condado de Dauphin proporciona servicios de la mediación y se puede alcanzar en 717-232-7536. La sesión libre de la mediación para los favorables casos del bono se refinio por MidPenn que los servicios juridicos están disponibles con el DCBA.

An adequate supply of forms containing the bilingual notices required by these Rules shall be furnished by the Dauphin County Bar Association to the Office of the Prothonotary and shall be available for use by litigants and their attorneys.

| | |
|---|---|
| KURT DANYSH,<br>        Plaintiff | : IN THE COURT OF COMMON PLEAS<br>: DAUPHIN COUNTY, PENNSYLVANIA<br>:<br>: |
| vs. | :<br>: No. 2010 CV 10783<br>:<br>: |
| ELI LILLY AND COMPANY.<br>        Defendant | :<br>: CIVIL ACTION<br>: |

## COMPLAINT

AND NOW, comes the Plaintiff, Kurt Danysh by his attorney Robert A. Berry
and seeks to obtain a judgment, upon the grounds herein more fully set forth:

1.    Plaintiff Kurt Danysh is an adult individual who is currently serving a twenty

–two and one half (22 ½) to sixty (60) year sentence for third degree murder of his father

and residing at State Correctional Institute, Frackville, 1111 Altamont Boulevard,

Schuykill County, Pennsylvania.

2.    Defendant is Eli Lilly and Company who was, and still is, a corporation duly

existing, under, and by virtue of, the laws of the Commonwealth of Pennsylvania.  It is

engaged  in the business of manufacturing, promoting, distributing, marketing,

advertising, and selling pharmaceutical drugs, Including Prozac.  Defendant is, and at all

relevant times relevant was, doing business throughout the Commonwealth of

Pennsylvania and in this county.  This action was initiated by Writ of Summons served

upon the Defendant at National Registered Agents, Inc., 600 North Second Street,

Harrisburg, dauphin County, Pennsylvania.

## FACTUAL BACKGROUND

3.   Plaintiff has been injured, personally and financially by the Defendant in

that the Defendant:

a)   Refused to warn the medical community about Prozac's ability to

produce withdrawal, dependency and addiction;

b)   Failed to warn that Prozac can cause homicidal and suicidal

tendencies;

c)   Failed to provide a package insert which warned of Prozac's ability

to cause aggression and homicidal and suicidal ideation;

d)   Knowingly and intentionally disregarded years of scientific

evidence of Prozac's ability to cause aggression and homicidal and suicidal ideation;

e)   Intentionally misleading the Pennsylvania Law enforcement

community regarding Prozac's ability to cause aggression and homicidal and suicidal

ideation; and

f)   Intentionally choosing to cause Plaintiff and  his doctors to rely on

Defendant's misrepresentations, and omissions regarding Prozac.


4.   Plaintiff has sustained personal injury and economic damages as a result of

Defendant's wrongful acts and omissions and therefore brings this action to recover all

available monetary damages allowed by law.

5.     Defendant is and at all times was legally responsible for the labeling, promotion and marketing of Prozac.  This is notwithstanding that the FDA, as the federal regulatory agency, approves the labeling that is contained in the package insert for the drug and further published in the "Physicians' Desk Reference" distributed to physicians in the U.S.  Defendant, however as with all drug manufacturers, is not permitted to invoke the FDA's regulatory role as an excuse for inadequate labeling.  Moreover, each manufacturer is legally obliged to add strengthened and amplified drug labeling without FDA involvement when safety requirements dictate.  In all jurisdictions, physicians are entitled to legally rely on the drug manufacturer's labeling, promotion and marketing when prescribing a drug to their patients.

6.     Defendant was aware, since November 8, 1988, that Approximately nineteen per cent (19%) of patients might be expected to report activation during acute therapy with Prozac which was not present prior to the use of Prozac, which coul be directly attributable to Prozac.

7.     Between January 1982 and July 1991, Defendant received the following number of "spontaneous domestic reports" relating to the use of Prozac:

       a)     519 suicide attempts;

       b)     468 overdoses;

       c)     321 psychotic depression;

       d)     234 hostility, and

       e)     115 intentional injury.

8.     Since February 7, 19990 Defendant began receiving reports of Prozac induced violence resulting in homicide.  This knowledge is imputed from internal memos by Leigh Thompson, which addressed the number of claims that Prozac caused homicidal and suicidal ideation and acts, as well as expressing the concern for the loss of revenue if Defendant were to recall Prozac.

9.     Defendant, as early as March of 1990 was aware of that one of its own doctors had concluded that Prozac has a wide margin of serious adverse effects including paranoia, panic reactions and serotonin syndrome ( a constellation of mental status changes and nervous system and neuromuscular effects that result from an excess of serotonin).

10.     Defendant instructed, at least, two (2) staff members, Claude Bouchy and Hans J. Weber, to alter the identification of adverse events associated with Prozac, which were reported to physicians which eradicated any reference to suicidal ideation..

11.     Defendant was aware that a American Journal of Psychiatry published article in February 1990, warned of the dangers of Prozac, by, among other things, identifying, akathisia which triggers suicide and is also associated with dysphoria, irritability and aggression.

12.     Defendant has failed to provide any warnings regarding drug induced akathisia, suicidal tendencies or violence caused by Prozac.

Prozac is metabolized by the liver enzyme cytochrome P450 2D6 which causes approximately seven per cent (7%) of the population to be poor metabolizers of Prozac.

13.     Poor metabolizers are at an increased risk of Prozac induced side effects due to diminished drug elimination or lack of therapeutic effect resulting from failure to generate the active form of the drug.  As a result poor metabolizers should only be prescribed twenty to sixty per cent (20-60%) of the standard dosage for medications that are administered in their active form and deactivated through cytochrome P450 2D6 , as is Prozac.

14.     Plaintiff, at the age of eighteen (18), was prescribed and ingested Prozac from April 8, 1996 until April 21, 1996 which caused him injury.

15.     Prior to ingesting Prozac, Plaintiff was not suicidal, homicidal or suffering from a mental illness.

16.     As the direct, actual and proximate cause of Defendant's acts or omissions Plaintiff shot and killed his father with whom he heretofore had a non-adversarial relationship.

17.     Defendant on April 29, 1996 intentionally mislead Corporal Farrell of the Pennsylvania State Police, by advising him that "the subject medication would not cause aggressive behavior and that documentation and expert witness existed which would support that representation.

18.     It is believed and therefore averred that the Defendant knew that Prozac could cause violent behavior.

## COUNT I
## FRAUD AND DECEIT

19.    Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth below

20 .    Defendant has since February 1990 defrauded the medical community, the Prozac patient population in general, Plaintiff and Plaintiff's physician, in that Defendant, among other acts and omissions:

a)    Knowingly mis-characterized the adverse effects of the drug, Prozac;

b)    failed to inform the medical community that a percentage of Prozac patients were prone to violent behavior;

c)    Fraudulently over promoting Prozac in order to increase its sale while at the same time failing to reveal the truth about its adverse effects;

d)    Knowingly engaging in deceptive and fraudulent practices while marketing Prozac in Violation of the common law and state law of Pennsylvania.

**WHEREFORE**, the Plaintiff respectfully requests through his attorney, that the Court enter a judgment in their favor in the amount in excess of one hundred thousand dollars ($100,000.00) plus late fees and interest, said amount being in excess of the amount set by local rule requiring referral to arbitration and grant such other relief as the Court may deem equitable.

## COUNT II
## NEGLIGENCE

21.    Paragraphs 1 through 18 are incorporated herein by reference as though fully set forth below

22.    Defendant owed a standard of care to ensure the Plaintiff's and his physician were adequately warned of the adverse effects of Prozac before the drug was prescribed.  Defendant violated that standard of care through active misrepresentation and failure to warn when it was Defendant's duty to do so.

23.   As a direct and proximate result of Defendant's breach of duty, Plaintiff suffered harm and has sustained damages and other losses in amount which exceeds One hundred thousand dollars ($100,000.00).

**WHEREFORE**, the Plaintiff respectfully requests through his attorney, that the Court enter a judgment in their favor in the amount in excess of one hundred thousand dollars ($100,000.00) plus late fees and interest, said amount being in excess of the amount set by local rule requiring referral to arbitration and grant such other relief as the Court may deem equitable.

## COUNT III
## VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

24.    Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth below.

25.   Plaintiff brings this action pursuant to Pennsylvania Unfair Trade Practices

Act and Consumer Protection Law, 73 Pa. Sta. Ann Sections 201 et seq, in that he used Prozac as prescribed and therby suffered ascertainable losses as a result of Defendant's acts and omissions in violation of the Act. The failing to warn alone constitutes unlawful, unfair, deceptive and fraudulent business practices within the meaning of the Act.

WHEREFORE, the Plaintiff respectfully requests through his attorney, that the Court enter a judgment in their favor in the amount in excess of one hundred thousand dollars ($100,000.00) plus late fees and interest, said amount being in excess of the amount set by local rule requiring referral to arbitration and grant such other relief as the Court may deem equitable.

## COUNT IV
## BREACH OF EXPRESSED WARRANTY

26.   Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth below.

27. At all times relevant hereto Defendant utilized packaging, promotional materials and other activities to urge physicians to purchase and use Prozac. Defendant failed to warn physicians of the adverse effects, causing physicians to prescribe Prozac without any warning to the patients regarding violent behavior.

28.   Defendant knew or in the exercise of reasonable diligence should have known, of the serious adverse effects of Prozac .

29.   Plaintiff and his physician relied on the express warranty representations of the Defendant in the use of Prozac, but Defendant breached its warranty because

Prozac can cause suicidal and homicidal acts particularly poor metabolizers, of which the Plaintiff is such.

      **WHEREFORE**, the Plaintiff respectfully requests through his attorney, that the Court enter a judgment in their favor in the amount in excess of one hundred thousand dollars ($100,000.00) plus late fees and interest, said amount being in excess of the amount set by local rule requiring referral to arbitration and grant such other relief as the Court may deem equitable.

October 4, 2010

Respectfully submitted:

Robert A. Berry, Esq.
P. O. Box 929
Harrisburg, Pa. 17108-0929
717/232-6768
717/232-5506 (fax)
RABerry99@aol.com

## VERIFICATION

I verify that the statements contained within the attached Complaint filed in this matter are true and correct to the best of my knowledge information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C. S. Section, 4904, relating to unsworn falsification to authorities.

Date: _10-4-10_

_____
Kurt Danysh

## CERTIFICATE OF SERVICE

I, Robert A. Berry, Esquire do hereby certify that I served a true and correct copy

of the Complaint by U. S. Mail, First Class, Postage prepaid as follows:

Donna L. Fisher
Pepper Hamilton, LLP
100 Market Street-Suite 200
P. O. Box 1181
Harrisburg, Pa. 17108-1181

Date: October 4, 2010

Robert A. Berry, Esq.
P. O. Box 929
Harrisburg, Pa. 17108
(717) 232-6768
(717) 232-5506
RABerry99@aol.com
Attorney For Appellant
#39197

# Exhibit B

STATE OF INDIANA
OFFICE OF THE SECRETARY OF STATE
CERTIFICATE OF EXISTENCE

To Whom These Presents Come, Greetings:

I, TODD ROKITA, Secretary of State of Indiana, do hereby certify that I am, by virtue of the laws of the State of Indiana, the custodian of the corporate records, and proper official to execute this certificate.

I further certify that records of this office disclose that

### ELI LILLY AND COMPANY

duly filed the requisite documents to commence business activities under the laws of State of Indiana on January 17, 1901, and was in existence or authorized to transact business in the State of Indiana on October 07, 2010.

I further certify this For-Profit Domestic Corporation has filed its most recent report required by Indiana law with the Secretary of State, or is not yet required to file such report, and that no notice of withdrawal, dissolution or expiration has been filed or taken place.



In Witness Whereof, I have hereunto set my hand and affixed the seal of the State of Indiana, at the city of Indianapolis, this Seventh Day of October, 2010.

TODD ROKITA, Secretary of State

183025-143 / 2010100735119

# Exhibit C

IN THE COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

No. 2010-CV-10783-CV

Civil Action -

(   )  MEDICAL PROFESSIONAL
       LIABILITY ACTION

Kurt Danysh DL-4879
SCI-Frackville
1111 Altamont Blvd
Frackville, Pa  17931

: 

Eli Lilly and Company
Lilly Corporate Center
1093 S. Delaware Street
Indianapolis, IN  46225-1391

versus

Plaintiff(s) &
Address(es)

Defendant(s) &
Address(es)

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY OF SAID COURT:

Please issue writ of summons in the above-captioned action.

____✓____  Writ of Summons shall be issued and forwarded to ( X ) Attorney   (   ) Sheriff

Robert A. Beel

1419 N 2nd St, Ste 2

Harrisburg, PA  17101

7171 232-6748

Name / Address / Telephone No.
of Attorney

Signature of Attorney

Supreme Court ID No.   39197

Date:   August 16, 2010

## WRIT OF SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS / HAVE COMMENCED AN ACTION
AGAINST YOU.

Date: ____AUG 16 2010____

Prothonotary

by _____
                                                    Deputy

(   ) Check here if reverse is issued for additional information.

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_Daphin_ _____ County

2010- CV-10783-CV

| For Prothonotary Use Only: |
|---|
| Docket No: |

_The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court._

---

**SECTION A**

Commencement of Action:
- ☐ Complaint   ☒ Writ of Summons   ☐ Petition   ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction   ☐ Declaration of Taking

Lead Plaintiff's Name: Kurt Danysh

Lead Defendant's Name: Eli Lilly & Company

☐ Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney: _____

Are money damages requested? : ☒ Yes   ☐ No

Dollar Amount Requested: (Check one)   ☐ within arbitration limits   ☒ outside arbitration limits

Is this a _Class Action Suit?_   ☐ Yes   ☒ No

---

**SECTION B**

**Nature of the Case:**   Place an "X" to the left of the ONE case category that most accurately describes your _PRIMARY CASE._ If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☒ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABILITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

_RECEIVED OFFICE OF PROTHONOTARY_
_2010 AUG 16 PM 4: 25_
_DAUPHIN COUNTY_



1093
ALECIA DECOUDREAUX
09-10-2010
15:00:51
5555

Alecia A. DeCoudreaux, Vice President an..
General Counsel
Office of General Counsel-Eli Lilly & Company
Lilly Corporate Center
693 S. Delaware Street
Indiana, IN 46225-1391

46225+1392

Law Offices of Robert A. Berry
P. O. Box 929
1419 North 2nd Street-Ste 2
Harrisburg, Pa. 17108-0929



RECEIVED
OFFICE OF
PROTHONOTARY

2010 SEP 14 AM 11: 38

DAUPHIN COUNTY
PENNA

| | | |
|---|---|---|
| KURT DANYSH, | : | IN THE COURT OF COMMON PLEAS OF |
| Plaintiff, | : | DAUPHIN COUNTY, PENNSYLVANIA |
| | : | |
| vs. | : | NO.  2010 – CV – 10783 – CV |
| | : | |
| ELI LILLY AND COMPANY, | : | CIVIL ACTION |
| Defendant. | : | |

## RULE TO FILE COMPLAINT

AND NOW, this SEP 14 2010 day of September, 2010, upon praecipe of

Defendant, a Rule is hereby entered against the Plaintiff to file a complaint within twenty (20)

days of service or suffer a judgment of *non pros*.

_____
Prothonotary/Deputy Prothonotary

(SEAL)

PEPPER HAMILTON LLP
By: Nina M. Gussack (PA 31054)
    Barry H. Boise (PA 63125)
    3000 Two Logan Square
    Eighteenth and Arch Streets
    Philadelphia, PA 19103-2799
    (215) 981-4000

    Donna L. Fisher (PA 39410)
    Suite 200
    100 Market Street
    Post Office Box 1181
    Harrisburg, PA 17108-1181
    (717) 255-1155

Attorneys for Defendant
Eli Lilly and Company

| | | |
|---|---|---|
| KURT DANYSH, | : | IN THE COURT OF COMMON PLEAS OF |
| Plaintiff, | : | DAUPHIN COUNTY, PENNSYLVANIA |
| | : | |
| vs. | : | NO.  2010 – CV – 10783 - CV |
| | : | |
| ELI LILLY AND COMPANY, | : | CIVIL ACTION |
| Defendant. | : | |

## PRAECIPE FOR RULE TO FILE COMPLAINT

TO THE PROTHONOTARY:

In accordance with Pa. R. Civ. P. 1037(a), please issue a Rule upon the Plaintiff to

file a complaint in this matter within twenty (20) days of service or suffer a judgment of *non*

*pros.*

Nina M. Gussack (PA 31054)
Barry H. Boise (PA 63125)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000

Donna L. Fisher (PA 39410)
PEPPER HAMILTON LLP
Suite 200
100 Market Street
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155

Date:  September 14, 2010            Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, I served a copy of the *Praecipe for Rule to File Complaint* on counsel of record by United States mail, first class postage prepaid, addressed as follows:

Attorneys for Plaintiff
Robert A. Berry, Esquire
Suite 2
1419 North Second Street
Harrisburg, PA  17101

Donna L. Fisher

# Exhibit D

PEPPER HAMILTON LLP
By:  Nina M. Gussack (PA 31054)
      Barry H. Boise (PA 63125)
      3000 Two Logan Square
      Eighteenth and Arch Streets
      Philadelphia, PA 19103-2799
      (215) 981-4000

      Donna L. Fisher (PA 39410)
      Suite 200
      100 Market Street
      Post Office Box 1181
      Harrisburg, PA 17108-1181                          Attorneys for Defendant
      (717) 255-1155                                       Eli Lilly and Company

| | |
|---|---|
| KURT DANYSH,<br>    Plaintiff, | :  IN THE COURT OF COMMON PLEAS OF<br>:  DAUPHIN COUNTY, PENNSYLVANIA<br>: |
| vs. | :  NO.  2010 – CV – 10783 - CV<br>: |
| ELI LILLY AND COMPANY,<br>    Defendant. | :  CIVIL ACTION<br>: |

### NOTICE OF FILING OF NOTICE OF REMOVAL

Robert A. Berry, Esquire
P. O. Box 929
Harrisburg, PA  17108
Plaintiff's Counsel of Record

    PLEASE TAKE NOTICE that on the 12th day of October, defendant Eli Lilly and

Company filed in the United States District Court for the Middle District of Pennsylvania a

Notice of Removal of the above-captioned action.  A true and correct copy of the Notice of

Removal is attached hereto.

Respectfully submitted this 13th day of October, 2010,

Donna L. Fisher (PA 39410)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 (fax)
Attorney for Defendant
Eli Lilly and Company

Nina M. Gussack (PA 31054)
Andrew R. Rogoff (PA 26117)
Franklin T. Pyle, III (PA 208240)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000
Attorneys for Defendant
Eli Lilly and Company