IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KURT DANYSH, | : | |
| | : | 1:10-cv-2116 |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Mildred E. Methvin |
| ELI LILLY AND COMPANY, | : | |
| | : | |
| Defendant. | : | |

# MEMORANDUM

## September 15, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Mildred E. Methvin (Doc.31), filed on July 13, 2011, which recommends that we grant the Defendant Eli Lilly and Company's ("Lilly") Motion for Summary Judgment (Doc. 18) on the basis that Plaintiff's action was filed beyond the applicable statute of limitations. Plaintiff Kurt Danysh ("Plaintiff" or "Danysh") filed objections to the R&R on August 12, 2011 (Docs. 34 and 35) and Lilly filed an opposition brief thereto on September 2, 2011. (Doc. 40). Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R, grant Lilly's Motions for Summary Judgment, and close this case.

1

**I.     STANDARDS OF REVIEW**

    **A.     Review of Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

    **B.     Summary Judgment**

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving

party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. BACKGROUND

Within the R&R, Magistrate Judge Methvin thoroughly recounts the undisputed facts of this matter, and neither party takes issue with her characterization of the facts within the briefing on the objections. Accordingly, in the interests of judicial economy, we shall only summarize the facts integral to our analysis and refer the reader to page 1 to 12 of the R&R for a full factual exposition.

In 1996, Danysh shot and killed his father with a stolen gun. On October 9, 1997, he pled guilty to third-degree murder and robbery in the Court of Common Pleas. He is currently serving a sentence of 22 ½ to 60 years imprisonment. Throughout the investigation, Danysh's prosecution and subsequent collateral

attack[1] of his conviction and sentence, Danysh maintained that his use of Prozac, which is manufactured by Lilly, caused him to murder his father.

On August 16, 2010, Danysh instituted this action against Lilly in the Court of Common Pleas of Dauphin County seeking damages for fraud, negligence, breach of express warranty, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. 73 Pa. Stat. §§ 201-1 to 201-9.3 (2008). Lilly removed this action to this Court and filed the instant Motion for Summary Judgment, which was referred to Magistrate Judge Methvin for a R&R.

Lilly presented two grounds for summary judgment: first, that Plaintiff's action is barred by the applicable Pennsylvania statute of limitations and second, that Plaintiff is barred by the principle of collateral estoppel from re-litigating the issue of his knowledge of the alleged association between his ingestion of Prozac and his criminal actions. Within the R&R, Magistrate Judge Methvin concludes that the action must be dismissed because it was filed beyond the statute of limitations, thus she does not address the second basis of Lilly's Motion.

---

[1] Danysh's 2003 PCRA petition was based on a claim of newly discovered exculpatory evidence involving Prozac. Danysh filed a second PCRA petition in 2008, again seeking to invoke the after-discovered-evidence exception, this time on the basis that certain tests showed that he was a poor metabolizer of Prozac, and thus more prone to exhibiting violent tendencies from its use. Both PCRA petitions were dismissed.

## III.   DISCUSSION

Danysh objects to Magistrate Judge Methvin's recommendation that the action be dismissed because it is barred by the statute of limitations.  Specifically, Danysh contends that Magistrate Judge Methvin erred in the determining when Plaintiff's claim accrued and whether the statute of limitations was tolled.[2]

In Lilly's Motion, it contends that Danysh's belief that Prozac caused him to shoot his father dates back to the night of the shooting on April 25, 1996, and that Danysh certainly knew of this alleged connection no later than August 3, 2004, when he supplemented his first PCRA petition with thirty exhibits relating to his Prozac defense.  In response, Plaintiff contends that both the discovery rule[3] and the doctrine of fraudulent concealment[4] apply -- either of which would serve to toll the

---

[2] The parties do not object to Magistrate Judge Methvin's conclusion that a two year statute of limitations applies to the Plaintiff's claims.

[3] The discovery rule provides that the limitations period begins to run for a claim only when "the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Romah v. Hygenic Sanitation Co.*, 705 A. 2d 841, 857 (Pa. Super. 1997)(quoting *Redenz ex. rel. Redenz v. Rosenberg*, 520 A. 2d 883, 885 (Pa. Super. 1987).  In Pennsylvania, plaintiffs must exercise reasonable diligence in ascertaining that he was injured and the cause of injury, *Fine v. Checcio*, 870 A. 2d 850, 858 (Pa. 2005)(citations omitted), and the limitations period begins to run once the plaintiff is on "inquiry notice" – that is "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Gleason v. Borough of Moosic*, 15 A. 3d 479, 484-85 (Pa. 2011)(quotations omitted).

[4] The doctrine of fraudulent concealment is based on the theory of estoppel. *Fine v. Checchio*, 870 A. 2d 850, 860 (Pa. 2005).  Under this doctrine, a defendant may not invoke the statute of limitations if, "through fraud or concealment, he causes the plaintiff to relax his

statute of limitations and make this action timely. Plaintiff specifically contends that his claim did not accrue until August 2008, when he received DNA test results that demonstrate he falls "into the group who carry a deficiency in the liver enzyme CYP2D6 which results in a higher risk of experiencing violent Prozac induced behavior." (Doc. 28, p. 4).

     With respect to the application of the discovery rule, Magistrate Judge Methvin rejects Daynsh's argument that his claim did not accrue until August 2008 because prior to the receipt of the DNA test results, he lacked sufficient knowledge to support a viable defense in his criminal case or in a civil action. The Magistrate Judge notes that Plaintiff was aware of his alleged injury and suspected its cause shortly after it was incurred, in 1996. Moreover, the Pennsylvania Common Pleas Court found in 2005 that plaintiff "was definitely aware of evidence prior to his plea that indicated that Prozac might cause violent behavior." (Doc. 31, p. 20, n. 52). Recognizing that awareness of injury and suspicion of a cause of action are enough to begin the running of the limitations period, Magistrate Judge Methvin rejects Plaintiff's argument that his claim accrued in 2008. *Gleason v. Borough of Moosic*, 15 A. 3d 479, 485 (Pa. 2011)(citation omitted).

---

vigilance or deviate from his right of inquiry into the facts." *Id.* (citations omitted). An intent to deceive need not be shown, rather the doctrine operates on "fraud in the broadest sense, which includes unintentional deception." *Id.* The plaintiff bears the burden of proving fraudulent concealment by "clear, precise, and convincing evidence." *Id.* (citations omitted).

Magistrate Judge Methvin also rejects Danysh's argument that the statute of limitations is sufficiently tolled by the doctrine of fraudulent concealment. Once again, the Magistrate Judge finds that Plaintiff knew of his alleged injury and its cause at the time of his plea in October of 1997, or at the absolute latest by his first PCRA petition in 2003. The Magistrate Judge further notes that there is nothing in the record to establish that Lilly's conduct caused Danysh to "relax his vigilance or deviate from his right of inquiry into the facts." *Romah*, 705 A. 2d at 858. She notes that Plaintiff was persistent in his allegation from 1996 until today that his ingestion of Prozac had a causal connection to the fatal shooting of his father. Thus, noting that "mere silence or nondisclosure is not enough to trigger estoppel," rather a defendant "must commit some affirmative independent act of concealment upon which the plaintiff[] justifiably rel[ies]" Magistrate Judge Methvin concludes that Plaintiff has not born his burden of establishing fraudulent concealment by Lilly such that the statute of limitations was tolled. *Id.* (citation omitted).

In his objections to the R&R, Danysh argues that the Magistrate Judge improperly applied both the discovery rule and the fraudulent concealment doctrine in her analysis of the Defendant's Motion. We disagree. In his objections, Plaintiff asserts that he could not have properly brought the instant action before his receipt of the DNA test results in 2008 because the claim would have been entirely

8

speculative prior to the receipt of the test results. However, this argument is contrary to the position taken by Danysh throughout his criminal case that Prozac caused him to shoot his father. Danysh asserted this position from the inception of the investigation and further developed and maintain this theory throughout the prosecution and his multiple PCRA petitions.

Plaintiff also asserts that the Magistrate Judge erred in her consideration of the application of the fraudulent concealment doctrine to the statute of limitations issue in this matter. In evaluating this objection, it is important to bear in mind that, in Pennsylvania, plaintiffs bear the burden of proving by "clear, precise, and convincing evidence" that a defendant "cause[d] the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." Plaintiff simply has not met this burden here. Again, and as noted throughout this Memorandum, Plaintiff has exhibited the utmost vigilance in maintaining his Prozac defense. He submitted various documents and articles related to this defense in support of his PCRA petitions. He has never relaxed in his vigilance in pursuing this defense, and there is simply no evidence in the record, and certainly no "clear, precise and convincing" evidence that Lilly caused Daynish to "relax his vigilance or deviate from" his inquiry into his theory of Prozac-induced violence.

Accordingly, based on the foregoing reasons, we shall overrule the Plaintiff's objections and adopt the Magistrate Judge's R&R in its entirety.  An appropriate Order shall issue.